## Cleary v. Columbia County Agricultural, Horticultural and Mechanical Association

*Frank McGuigan* and *Hervey B. Smith*, for plaintiff.
*R. S. Hemingway*, for defendant.

KREISHER, P. J., February 14, 1950.—Plaintiff filed a complaint in trespass to the above term and number on March 17, 1949, and the same was served on the president of defendant corporation on March 21, 1949. The endorsement on the complaint directed defendant to plead within 20 days from the date of service. On June 3, 1949, counsel for defendant corporation entered his appearance, and it will be observed that judgment could have been entered for want of an appearance on and after April 11, 1949, up until June 3, 1949. However, plaintiff did not take judgment.

The case was ruled for trial at the October term, 1949. However, by reason of the fact that it was so far down the list the case was not reached and continued over the term. The case was again listed for trial at the January term of court, and upon the call of the list, was called for trial and listed as the third case. The first case for trial was disposed of by settle-

ment on the first day of the term, and on the same day counsel for defendant presented his petition to the court asking leave to file an answer to the complaint, setting forth that the mechanical starting gate mentioned in the complaint, and the instrumentality causing the injury complained of, was operated by one W. D. Litzenberger, whose residence is in the Middle West of the United States, and counsel for defendant delayed filing an answer hoping that he would be able to interview Litzenberger at the 1949 fair, which was held the last week of September. However, Litzenberger was not present at the fair, and therefore the interview was not held. The petition further sets forth that following the fair week counsel for defendant inadvertently overlooked the fact that no answer had been filed, and he did not observe this fact until Friday, January 13, 1950, when he began to prepare the case for trial at the January term of court. Attached to the petition was a copy of the proposed answer to be filed, whereupon the court made an order granting leave to defendant to file the answer on January 16, 1950. The court then proceeded upon the trial of the second case on the list, which was a protracted case, and on January 18th counsel for plaintiff presented a motion to strike off the answer of defendant to plaintiff's complaint. A rule was granted upon defendant to show cause why the answer should not be stricken off, and the case continued over the term. Defendant then filed an answer to plaintiff's motion to strike, and the matter came before the court for hearing and argument, but no testimony was taken by either side. Counsel orally argued their positions and have submitted to the court their briefs of argument, and the matter is now before the court on motion to strike off the answer.

Counsel for defendant at the oral argument and in his brief assumes the full responsibility for the delay in filing the answer to the complaint, and argues that

defendant should not be prejudiced by reason of counsel's inadvertence.

The complaint sets forth that plaintiff was injured by a mechanical starting gate at the 1948 Bloomsburg Fair, while standing in the paddock in front of the grandstand just prior to the running of a horse race, and that the alleged injuries received by plaintiff were caused by the negligent conduct of defendant. There is no specific allegation of agency in the complaint as filed. The answer as permitted, filed by leave of court on behalf of defendant corporation, denies all and singular the allegations of plaintiff's complaint and demands proof thereof. Counsel for plaintiff contends that to permit the answer to stand would be prejudicial to their case because under Pa. R. C. P. 1045($b$), it is provided: "A party who fails to file a responsive pleading shall be deemed to admit all averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved. All other averments shall be deemed to be denied", and, therefore, they have assumed that agency was admitted and have made no investigation or preparation to prove agency upon the trial of the case. The answer as filed contains an exhibit setting forth the correspondence between defendant corporation and the operator of the starting gate, and it is the court's opinion that this information being furnished by defendant, the answer as filed does not substantially prejudice plaintiff's case.

The case is now at issue and plaintiff has the right to proceed to prove the allegations of his complaint upon the trial of the cause, and defendant's answer does not, in our opinion, in any way prevent plaintiff from making out his case and proving the same.

Under the Practice Act of 1915 it was generally held that a defendant upon cause shown and by leave of

court was permitted to file an affidavit of defense after the 15-day period provided in the act. See Lobb v. Stitzinger, 4 D. & C. 504, and Halbe et ux. v. Rand, 20 D. & C. 559. The Pennsylvania Rules of Civil Procedure, which have now superseded the Practice Act of May 14, 1915, P. L. 483, have not in any material way changed the prior holdings. As a matter of fact under the comment of Philip Amram in Goodrich-Amram Procedural Rules on page 132, it is indicated that under the present rules in actions of trespass the right to file an answer after the expiration of 20 days has been broadened, and the courts have under the present rules uniformly held that a defendant may, by leave of court, file an answer to a complaint after the expiration of the 20-day period, especially where no substantial prejudice is shown to result to plaintiff. McCreary, P. J., in the case of Corbett v. LaGrotta et al., 65 D. & C. 480, reviews the law under the old Practice Act and takes up the Rules of Civil Procedure now applicable to this proposition, and in a scholarly opinion and discussion of the subject, which we do not deem necessary to quote, concluded that defendant was permitted to file a belated answer to a complaint in trespass under our present Rules of Civil Procedure. Likewise in the case of Molaskey et al. v. Crisan et al., 62 D. & C. 336, in an opinion by Rowley, P. J., the law on this subject is reviewed and the attitude of the courts explained, and a belated answer to a complaint in trespass was permitted to stand.

From a reading of the above cited cases we do not believe that a more extended discussion of this question is required, and since we conclude that plaintiff is not prejudiced by permitting defendant's answer to stand, and since leave of court was obtained to file the same, and since counsel for defendant has very frankly assumed all responsibility and blame for the delay, we are inclined to permit the answer to stand. It has

480

frequently been held that where the failure to file a pleading is caused by the mistake or oversight of reputable counsel, the court will, in the interest of justice, grant its indulgence to the party litigant and permit the mistake to be corrected on the theory that a litigant should not suffer an injustice by reason of his counsel's inadvertence.

*Order of Court*

And now, to wit, February 14, 1950, plaintiff's motion to strike off defendant's answer to plaintiff's complaint is dismissed.